---

(27 Misc. Rep. 626.)

In re GIHON'S WILL.

(Surrogate's Court, Westchester County. April, 1899.)

EXECUTORS—APPOINTMENT.

Where, pending trial of objections to probate of a will, a temporary administrator was appointed, and the will was thereafter admitted to probate, and an appeal was taken from the decree admitting it, staying the issuing of letters testamentary, a grant of letters to the executors named, on the ground that the preservation of the estate, consisting largely of stocks and bonds, requires it, will be denied; it being in the power of the

temporary administrator, on application by the court, if necessity arises, to sell such stocks and bonds, and it not appearing that there are moneys in the administrator's hands which should be invested, under the terms of the will. ·

Application by Mr. Gihon and Mr. Le Roy for issuance of letters testamentary under the will of Caroline Remsen Gihon, deceased. Denied.

C. N. Bovee, Jr., for executors.

Frederick H. Man, for contestant.

SILKMAN, S. Objections were filed to the probate of Mrs. Gihon's will by her daughter, Mrs. Dale; and, pending the trial of the issues raised, an application was made by the contestant for the appointment of a temporary administrator for the purpose of securing and preserving the estate. This application was opposed by the proponents upon the ground that no necessity had arisen which required the appointment of such administrator. This court, however, granted the application of the contestant, and appointed an administrator to secure and preserve the estate, who has given a bond in the sum of $750,000 for the faithful performance of his duties. The issues raised by the answer of Mrs. Dale to the petition for probate have been tried, and the will has been admitted to probate. Objections were filed to the granting of letters to Mr. Gihon and Mr. Le Roy, two of the executors named, and pending the hearing of such objections the issuance of letters were stayed. Such objections have been heard and determined, and an order has been entered directing the issuance of letters testamentary. The executors Gihon and Le Roy, however, were compelled to give a bond in the penalty of $50,000 for the faithful discharge of their duties. An appeal has been taken from the decree admitting the will to probate, and the security required to perfect the appeal has been given. This appeal stays the issuing of letters testamentary, unless, in the opinion of the surrogate, manifested by an order, the preservation of the estate requires that letters should issue. The executors now apply for the issuance of letters testamentary, upon the ground that the preservation of the estate requires it.

It is not denied or disputed that, so far as the custody of the estate is concerned, it is perfectly safe in the hands of the temporary administrator, who has given an ample bond; but it is alleged that it may be necessary to sell and dispose of certain of the securities, which consist largely of stocks and bonds, for the reason, as is stated, the condition of the stock market prevailing at this time, and the conditions which may arise in the future, may make it essential and necessary to sell some of these securities, for the benefit, advantage, and profit of the estate; the condition may arise which will call for prompt action on behalf of the executors, and such action and such protection of the estate can only be secured by the issuance of letters testamentary to the executors named. The application of the executors is supported by affidavits of some of the best financiers in the city of New York, in which they state that a condition may arise, from time to time, which may call for prompt action on the part of

the executors in selling or changing some of the securities to the greatest advantage and benefit of the estate; that it is impossible to say that the valuation of the securities will be the same six months hence; and that they believe that the proper protection and preservation of the estate requires the appointment and qualification of the executors. If it should become necessary to sell any part of the securities held by the estate, the provisions of law authorizing a sale by the temporary administrator are sufficient for its protection; but, irrespective of this fact, there is nothing alleged in the papers upon which the application is made, in the nature of a statement of a fact, from which the court can reach the conclusion which the gentlemen have reached who have made affidavit. It is not alleged that any single security is at all precarious, and should therefore be sold, and the moneys reinvested. On the contrary, it is alleged by the affidavits in opposition that the securities are all investment securities, or such as are valued because of the income regularly derived therefrom, and they are not subject to the fluctuation of what are characterized or known as "speculative stocks." There is nothing upon which the court can base a conclusion that the preservation of the estate demands a sale of any of these securities. Unless it is made to appear that a sale of the securities, or a portion thereof, is advisable and necessary at the present time, I cannot see how the estate can in any way be prejudiced or endangered. If an emergency should suddenly arise requiring the sale of any security, the temporary administrator may be authorized to sell it. If, however, it should become necessary to sell any portion of the securities, then it might be said that the preservation of the estate demands the presence of executors, who would be authorized to invest the proceeds, and which cannot be done by the temporary administrator. It seems to me, therefore, until occasion arises for a sale of the securities, or some part thereof, and the reinvestment becomes necessary, that there can be no legal basis for the issuance of letters testamentary. Preservation of the estate means that the estate shall not suffer loss, either by being intrusted to irresponsible persons, by depreciation in the value of the securities due to retention of the same, or by failure to properly invest moneys which should be invested under the provisions of the will. In this case the persons interested are amply secured by the bond of the temporary administrator. There can be no loss in the securities by reason of their retention, because the temporary administrator can always be authorized to sell, and it does not appear that there are any moneys in the temporary administrator's hands which should be invested under the terms of the will of testatrix. The application for the issuance of letters testamentary to the executors must therefore be denied.

Application denied.